NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AL McZEAL, AKA Alfred McZeal, Jr., DBA Smart Walkie Talkie, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> AMAZON.COM SERVICES, LLC; ORION LABS, LLC; JESSE ROBBINS; BEST BUY CO., INC.; SETTER ROCHE, LP; THOMAS SYLKE; DOES, 1 thru 10, <br><br> Defendants-Appellees. | No. 21-56328 <br><br> D.C. No. 2:21-cv-07093-SVW-RAO <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted May 16, 2023[**]

Before:    BENNETT, MILLER, and VANDYKE, Circuit Judges.

Al McZeal appeals pro se from the district court's order dismissing his

action alleging federal and state law claims stemming from defendants' purported

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). McZeal's request for oral argument, set forth in the opening brief, is denied.

trademark infringement.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6).  *In re Dual-*

*Deck Video Cassette Recorder Antitrust Litig.*, 11 F.3d 1460, 1463 (9th Cir. 1993).

We affirm.

The district court properly dismissed McZeal's trademark infringement and

unfair competition claims because they are barred by the classic fair use doctrine.

*See id.* at 1467 (holding that district court's dismissal for failure to state a claim of

trademark infringement was proper where allegations in complaint demonstrated

"fair use as a matter of law"); *see also KP Permanent Make-Up, Inc. v. Lasting*

*Impression I, Inc.*, 543 U.S. 111, 121 (2004) (holding that "some possibility of

consumer confusion must be compatible with fair use"); *Grupo Gigante SA de CV*

*v. Dallo & Co., Inc.*, 391 F.3d 1088, 1100 (9th Cir. 2004) ("As a general matter,

trademark claims under California law are 'substantially congruent' with federal

claims and thus lend themselves to the same analysis." (citation omitted)); *Cleary*

*v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994) (explaining that California

unfair competition claims based in trademark infringement are substantially

congruent to Lanham Act claims).

The district court did not abuse its discretion in denying McZeal's motion

for a preliminary injunction because McZeal failed to demonstrate a likelihood of

success on the merits.  *See Jackson v. City & County of San Francisco*, 746 F.3d

953, 958, 970 (9th Cir. 2014) (setting forth standard of review and explaining that the district court did not abuse its discretion in denying a preliminary injunction where the movant failed to show likelihood of success on the merits).

The district court did not abuse its discretion in denying McZeal's motion for reconsideration because McZeal failed to demonstrate a basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Federal Rule of Civil Procedure 60(b)).

We reject as meritless McZeal's contentions that the district court's orders are void under Federal Rule of Civil Procedure 58.

All pending motions are denied.

**AFFIRMED.**

21-56328